**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION**

| | |
|---|---|
| FNU JASKARAN | CIVIL ACTION NO. 26-1202 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| LASALLE DETENTION FACILITY, ET AL. | MAGISTRATE JUDGE PEREZ-MONTES |

### <u>ORDER</u>

Jaskaran, who has not disclosed his first name, filed a petition for a writ of habeas corpus, Record Document 1, and later filed an emergency motion for injunctive relief, Record Document 11. The habeas petition, Record Document 1, is **REFERRED** to the Magistrate Judge for recommendation. For the following reasons, the emergency motion for injunctive relief, Record Document 11, is **DENIED**.

In his emergency motion, Jaskaran argued that his continued detention is unconstitutional under *Zadvydas v. Davis*, 533 U.S. 678 (2001) where the United States Supreme Court held that post-removal detention must be limited "to a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689. To obtain *Zadvydas* relief, the petitioner "has the initial burden to show that post-removal-order detention has surpassed six months, and to 'provide good cause to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Uriostegui Rios v. Trump*, No. 25-1320, 2026 WL 810556, at *2 (W.D. La. Mar. 24, 2026).

Here, Jaskaran has not met his initial burden for relief under *Zadvydas*. The final order of removal against Jaskaran was not entered until March 16, 2026. Because that order of removal was entered less than six months ago, Jaskaran's continued detention remains "presumptively reasonable," and his *Zadvydas* challenge is premature. *Agyei-Kodie v. Holder*, 418 F. App'x 317, 317 (5th Cir. 2011) (holding the challenge to "continued post removal order detention is premature" where the detainee "has not been in post-removal-order detention longer than the presumptively reasonable six month period[.]").

Alternatively, Jaskaran asks for an order prohibiting his transfer to another jurisdiction. Such a transfer would not deprive the Court of jurisdiction, and therefore, injunctive relief is unwarranted. *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) ("Jurisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change.").

Finally, in his emergency motion, Jaskaran seeks a temporary stay of his removal. Even when couched as a request to "preserve the status quo," the United States Court of Appeals for the Fifth Circuit has made clear: "[a] request for stay of removal is a challenge to a removal order[,]" and the district court lacks "jurisdiction to grant such relief[.]" *Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026). Although this Court has "the power to preserve existing conditions while it [determines] its own authority to grant injunctive relief[,]" Jaskaran has not alleged any sort of lawful status, and without such, the Court declines to grant him temporary relief. *Cf. Umanzor Maldonado v. Lyons*, No. 26-112, 2026 WL 196521, at

*2 (W.D. Tex. Jan. 20, 2026) (restraining removal during habeas proceeding where noncitizen had deferred action status). Even though Jaskaran alleges that his application for Special Immigrant Juvenile Status ("SIJS") has been approved, Record Document 11 at 2, this Court has previously recognized that SIJS approval alone, unlike the grant of deferred action, does not confer a liberty interest. *See Guerra Leon v. Noem*, No. 25-1495, 2025 WL 4113562, at 3 (W.D. La. Oct. 30, 2025) (Doughty, J.). Accordingly, Jaskaran is not entitled to a temporary stay of removal.

**DONE AND SIGNED** at Shreveport, Louisiana, this 10th day of June, 2026.

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE